**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-02413-REB-MJW

JOSEPH J. MANN, by BEVERLY MANN, his Durable Health Care Power-of-Attorney Attorney-in-Fact and a statutorily designated Interested Person, and
BEVERLY MANN, individually,

    Plaintiffs,

v.

BRIAN D. BOATRIGHT, individually and in his capacity as a Jefferson County, Colorado First Judicial District Judge,
JAMES D. ZIMMERMAN, individually and in his capacity as a Jefferson County, Colorado First Judicial District Judge,
FREDERICK B. RODGERS, a Gilpin County, Colorado, County Judge and (by special designation of Colorado First Judicial District Chief Judge R. Brooke Jackson) Jeffer County, Colorado, Probate Judge, in his capacity as Jefferson County, Colorado First Judicial District Probate Judge,
R. BROOKE JACKSON, in his capacity as Chief Judge of the First Judicial District, State of Colorado,
JEFFERSON COUNTY, COLORADO, a municipal or county corporation,
THE FIRST JUDICIAL DISTRICT, STATE OF COLORADO,
THE STATE OF COLORADO,
MARY MUNGER, individually and in her capacity as a City of Lakewood, Colorado Police Officer,
JANET YOUNG, individually and in her capacity as a City of Lakewood, Colorado assistant city attorney,
THE CITY OF LAKEWOOD, COLORADO, a municipal corporation,
TINA L. OLSEN, in her capacity as a Jefferson County, Colorado, County Judge,
THOMAS E. VANCE, in his capacity as a Jefferson County, Colorado, County Judge,
WILLIAM KILPATRICK, individually and in his capacity as City of Golden, Colorado Police Chief,
MATT JURISCHIK, individually and in his capacity as a City of Golden, Colorado Police Officer,
THE CITY OF GOLDEN, Colorado, a municipal corporation,
MARY LOGAN, individually, as shareholder and as administrator of Grand Oaks Care Center in Lakewood, Colorado,
STEVE KUTCHER, individually and as head nurse of Grand Oaks Care Center in Lakewood, Colorado,
DONALD LOGAN, individually and as assistant manger of Grand Oaks Care Center in Lakewood, Colorado,

GERI-CARE, INC. d/b/a GRAND OAKS CARE CENTER in Lakewood, Colorado,
DAVID R. GLOSS, individually and as an agent of JEFFERSON COUNTY, COLORADO, and as an agent of THE STATE OF COLORADO,
STEPHENIE D. LORIMER,
"THE VISITOR", appointed by Judge James D. Zimmerman, pursuant to Colorado Revised Statutes § 15-14-305, in his or her capacity as court-appointed "Visitor",
JOHN S. GLEASON, individually and in his capacity as Colorado Supreme Court Attorney Regulation Counsel,
LOUISE CULBERSON-SMITH, individually and in her capacity as a Colorado Supreme Court Assistant Attorney Regulation Counsel,
THE COLORADO SUPREME COURT OFFICE OF ATTORNEY REGULATION COUNSEL,
CARLA MARTIN, individually and in her former capacity as general manager of Golden Pond Senior Living, LLC,
GOLDEN POND SENIOR LIVING, LLC, a Colorado corporation,
HENRY MELTON, in his capacity as Executive Director of Golden Pond Senior Living, LLC,
ENRICO GALIMBERTI, individually and in his capacity as a deputy Jefferson County Sheriff,
DONALD TAIT, in his capacity as a supervising deputy Jefferson County Sheriff,
TED MINK, in his capacity as Jefferson County Sheriff,
GAYLE KING,
TROY KING,
JOAN SCHEUMANN,
ERIK SCHEUMANN,
EILEEN BIDWELL, and
L. JEFFREY BIDWELL,

      Defendants.

---

## ORDER DISMISSING COMPLAINT & DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

**Blackburn, J.**

      This matter is before me on the following: 1) the plaintiffs' Complaint [#1], filed November 29, 2005; and 2) the plaintiffs' motion for temporary restraining order [#9], filed December 14, 2005.  I find that this court does not have subject matter jurisdiction over the claims asserted in the complaint.  Therefore, the Complaint and this case must be dismissed, and the motion for temporary restraining order must be denied.

Plaintiff, Beverly Mann, filed the complaint on her own behalf, and on behalf of her father, Joseph J. Mann. Beverly Mann describes her lawsuit as follows:

> This unusual action is brought, in large measure, in the nature of a non-criminal habeas corpus petition seeking to end 88-year-old Joseph Mann's court-enforced *de facto* imprisonment and his court-enforced sequestration and estrangement from his daughter, plaintiff Beverly Mann, and from virtually everyone else with whom he remained close until the forced imprisonment and sequestration began in November 2004, at the behest of his granddaughter, Gayle King (a resident of Colorado), and various local and state government actors who have assisted her. All of the government actions and court orders were rendered *in absentia* and without Joseph Mann's authorization or knowledge. The court has barred him from learning of the court orders unless King permits it, and she has refused to permit it.

*Complaint*, pp. 7 - 8. Following this paragraph, Beverly Mann lists in the Complaint the "key state-court orders" that have been entered in a state-court guardianship proceeding in which Gayle King was appointed as guardian for Joseph Mann. In her Complaint, Beverly Mann challenges the propriety of these state court orders, and the propriety of actions taken by others in relation to these orders.

In her prayer for relief, Beverly Mann seeks relief on several fronts, all related to the orders of the state court in the guardianship proceedings concerning Joseph J. Mann. For example, she seeks an "emergency writ of habeas corpus" requiring the production of Joseph Mann in federal court or in state court "to inform him that he has been stripped of most of his legal rights and has been made the unlimited legal ward of [Gayle] King, and so that he can be informed that the state-court proceedings have resulted in his forced sequestration . . . ." *Complaint*, pp. 96-97. Mann seeks also several declaratory judgments, including: 1) a declaratory judgment that various state and local governments, government officials, and employees have violated the plaintiffs' rights under the First and Fourteenth Amendments; 2) declaratory judgments

3

concerning Joseph Mann's mental capacity; 3) a declaratory judgment that Beverly Mann is entitled to recover her expenses "litigating the state-court guardianship matter"; 4) declaratory judgments that various state statutes and municipal regulations used and interpreted by the defendant state court judges, law enforcement officials, and other state and local government officials, are unconstitutional; and 5) declaratory judgments concerning the propriety of the use of Joseph Mann's funds by certain defendants. *Complaint*, pp. 97-99.  Finally, Beverly Mann seeks compensatory and punitive damages from all of the defendants, except for six specified individual defendants. *Complaint*, p. 99.

Beverly Mann seeks similar relief in her motion for temporary restraining order. She seeks "the temporary enjoinment of the court orders entered by defendant Jefferson County District Judge Brian D. Boatright . . . ."  *Motion for temporary restraining order*, p. 6.  Beverly Mann seeks also the temporary enjoinment of "the portion of the above-referenced May 9, 2005 order barring her from visiting or speaking by phone with her father unless King authorizes and monitors it, and barring her from telling her father that he has been made the legal ward of King . . . ."  *Motion for temporary restraining order*, p. 7.

A federal court must always first assure itself of its own jurisdiction before ruling on substantive matters.  **See *In re Franklin Savings Corp.***, 385 F.3d 1279, 1286 & n.6 (10th Cir. 2004).  All of the forms of relief sought by the plaintiffs in their complaint and motion for temporary restraining order implicate orders issued by courts of the state of Colorado in guardianship proceedings concerning plaintiff, Joseph J. Mann.  These requests for relief implicate the ***Rooker-Feldman*** doctrine, so named for the two

4

seminal U.S. Supreme Court cases that first described its contours. ***District of Columbia Court of Appeals v. Feldman***, 460 U.S. 462 (1983); ***Rooker v. Fidelity Trust Co.***, 263 U.S. 413 (1923).

The ***Rooker-Feldman*** doctrine has its roots in 28 U.S.C. § 1257(a), pursuant to which "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." Implicit in this grant of jurisdiction is the denial of authority to lower federal courts to review state court judgments. ***See Rooker***, 263 U.S. at 416.[1] Simply stated, ***Rooker-Feldman*** constrains "a party losing in state court . . . from seeking what in substance would be appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." ***Johnson v. De Grandy***, 512 U.S. 997, 1005-06 (1994).

The doctrine applies both to claims that were actually decided by the state court and to claims that are "inextricably intertwined" with the state court judgment. ***See Kenmen Engineering v. City of Union***, 314 F.3d 468, 473 (10th Cir. 2002). To determine whether a claim is inextricably intertwined with the state court judgment,

> in general we must ask whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. Three related concepts – injury, causation, and redressability – inform this analysis. In other words, we approach the question by asking whether the state-court judgment *caused*, actually and proximately, the *injury* for which the federal-court plaintiff seeks *redress*.

***Id***. at 476 (footnote, internal quotation marks, and citations omitted; emphases in

---

[1] This limitation on federal subject matter jurisdiction applies to all state court judgments, by whatever court issued, whether temporary or final. ***Kenmen Engineering v. City of Union***, 314 F.3d 468, 473-75 (10th Cir. 2002)

5

original).  The analysis should focus on the relief sought, not merely the issues raised. ***Crutchfield v. Countrywide Home Loans & Mortgage Electronic Registration Systems***, 389 F.3d 1144, 1148 (10th Cir. 2004); ***Kenmen Engineering***, 314 F.3d at 476.

The ***Rooker-Feldman*** doctrine bars the claims that Beverly Mann seeks to prosecute in this lawsuit on behalf of herself and Joseph J. Mann.  Beverly Mann claims that various orders entered in Colorado state court, and actions by various individuals based on those orders, all violate her constitutional rights and those of Joseph J. Mann.  Again, the ***Rooker-Feldman*** doctrine bars "a party losing in state court . . . from seeking what in substance would be appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."  ***Johnson v. De Grandy***, 512 U.S. 997, 1005-06 (1994).  If the orders of the state court do violate the rights of Beverly Mann or Joseph J. Mann, the courts of the state of Colorado have jurisdiction to address those alleged violations, and to remedy any violations.  To the extent Beverly Mann alleges that actions tangential to the state court orders have violated her rights and the rights of Joseph J. Mann, those claims are inextricably intertwined with the state court orders.  This court does not have subject matter jurisdiction over the plaintiffs' claims.  Absent subject matter jurisdiction, I may not address the plaintiffs' motion for temporary restraining order.

**THEREFORE, IT IS ORDERED** as follows:

1) That the plaintiffs' Complaint [#1], filed November 29, 2005, is **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**, under FED. R. CIV. P. 12(b)(1);

  2) That the plaintiffs' motion for temporary restraining order [#9], filed December 14, 2005, is **DENIED**;

  3) That all other pending motions are **DENIED** as moot; and

  4) That this case is **DISMISSED**.

  Dated December 19, 2005, at Denver, Colorado.

            BY THE COURT:

            s/ Robert E. Blackburn
            Robert E. Blackburn
            United States District Judge