IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02413-REB-MJW

JOSEPH J. MANN, by BEVERLY MANN, his Durable Health Care Power of Attorney
Attorney-in-Fact and statutorily designated Interested Person, and
BEVERLY MANN, individually,

        Plaintiffs,

v.

BRIAN D. BOATRIGHT, individually and in his capacity as a Jefferson County, Colorado First Judicial District Judge,
JAMES D. ZIMMERMAN, individually and his capacity as a Jefferson County, Colorado First Judicial District Judge,
FREDERICK B. RODGERS, a Gilpin County, Colorado, County Judge and (by special designation of Colorado First Judicial District Chief Judge R. Brooke Jackson) Jefferson County, Colorado, Probate Judge, in his capacity as Jefferson County, Colorado First Judicial District Probate Judge,
R. BROOKE JACKSON, in his capacity as Chief Judge of the First Judicial District, State of Colorado,
JEFFERSON COUNTY, COLORADO, a municipal or county corporation,
THE FIRST JUDICIAL DISTRICT, STATE OF COLORADO,
THE STATE OF COLORADO,
MARY MUNGER, individually and in her capacity as a City of Lakewood, Colorado Police Officer,
JANET YOUNG, individually and in her capacity as a City of Lakewood, Colorado assistant city attorney,
THE CITY OF LAKEWOOD, COLORADO, a municipal corporation,
TINA L. OLSEN, in her capacity as a Jefferson County, Colorado, County Judge,
THOMAS E. VANCE, in his capacity as a Jefferson County, Colorado, County Judge,
WILLIAM KILPATRICK, individually and in his capacity as City of Golden, Colorado Police Chief,
MATT JURISCHIK, individually and in his capacity as a City of Golden, Colorado Police Officer,
THE CITY OF GOLDEN, Colorado, a municipal corporation,
MARY LOGAN, individually, as shareholder and as administrator of Grand Oaks Care Center in Lakewood, Colorado,
STEVE KUTCHER, individually and as head nurse of Grand Oaks Care Center in Lakewood, Colorado,
DONALD LOGAN, individually and as assistant manager of Grand Oaks Care Center in Lakewood, Colorado,
GERRI-CARE, INC. d/b/a GRAND OAKS CARE CENTER in Lakewood, Colorado,

DAVID R. GLOSS, individually and as an agent of JEFFERSON COUNTY COLORADO, and as an agent of the STATE OF COLORADO,
STEPHENIE D. LORIMER,
"THE VISITOR", appointed by Judge James D. Zimmerman, pursuant to Colorado Revised Statutes § 15-14-305, in his or her capacity as court appointed "Visitor",
JOHN S. GLEASON, individually and in his capacity as Colorado Supreme Court Attorney Regulation Counsel,
LOUISE CULBERSON-SMITH, individually and in her capacity as Colorado Supreme Court Assistant Attorney Regulation Counsel,
THE COLORADO SUPREME COURT OFFICE OF ATTORNEY REGULATION COUNSEL,
CARLA MARTIN, individually and in her former capacity as general manager of Golden Pond Senior Living, LLC,
GOLDEN POND SENIOR LIVING, LLC, a Colorado Corporation,
HENRY MELTON, in his capacity as Executive Director of Golden Pond Senior Living, LLC,
ENRICO GALIMBERTI, individually and in his capacity as a deputy Jefferson County Sheriff,
DONAL TAIT, in his capacity as a supervising deputy Jefferson County Sheriff,
TED MINK, in his capacity as Jefferson County Sheriff,
GAYLE KING,
TROY KING,
JOAN SCHEUMANN,
ERIK SCHEUMANN,
EILEEN BIDWELL, and
L. JEFFREY BIDWELL,

        Defendants.

## ORDER TO CURE DEFICIENCY

Blackburn, Judge

      Plaintiffs submitted a Notice of Appeal on December 19, 2005 . The court has determined that the document is deficient as described in this order. Plaintiffs will be directed to cure the following if they wish to pursue this appeal.

**(A)**    **Filing Fee**
       X    is not submitted

**(B)** **Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24**:

    X    is not submitted
    ___  is not on proper form (must use the court's current form)
    ___  is missing original signature by plaintiff/petitioner on motion
    ___  is missing affidavit
    ___  affidavit is incomplete
    ___  is missing original signature by plaintiff/petitioner on affidavit
    ___  affidavit is not notarized or is not properly notarized
    ___  other_____

Accordingly, it is

ORDERED that plaintiffs cure the deficiencies designated above within thirty (30) days from the date of this order. Any papers that plaintiffs file in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that the clerk of the court mail to plaintiffs, together with a copy of this order, an original and one copy of the following forms: Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24. It is

FURTHER ORDERED that, if plaintiffs fail to cure the designated deficiencies within thirty (30) days from the date of this order, the court of appeals will be so notified.

DATED at Denver, Colorado this 20th day of December, 2005.

                        BY THE COURT:

                        s/ Robert E. Blackburn
                        JUDGE, UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF COLORADO